IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| JENNIFER LA STELLA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AQUION, INC. d/b/a RAINSOFT, and ) <br> HOME DEPOT U.S.A., INC., and/or ) <br> ABC CORPORATIONS 1-20 (fictitious names ) <br> for the intended business entities) ) <br> ) <br> Defendants. ) <br> _____) | Civil No. _____ |

## **DEFENDANTS' JOINT NOTICE OF REMOVAL**

Aquion, Inc. d/b/a Rainsoft and Home Depot U.S.A., Inc. (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, as well as the Class Action Fairness Act ("CAFA"), hereby notify this Court that they are removing the above-captioned action, currently pending in the Superior Court of New Jersey, Law Division, Hunterdon County, to the United States District Court for District of New Jersey, Trenton Division.  In support of this Notice of Removal, Defendants state as follows:

1. On March 8, 2019, Jennifer La Stella filed a class action Complaint for damages, attorneys' fees, costs, and other relief styled *Jennifer La Stella v. Aquion, Inc. d/b/a Rainsoft and Home Depot U.S.A., Inc. and/or ABC Corporations 1-20*, Case Number HNT-L-000109-19, in the Superior Court of New Jersey, Law Division, Hunterdon County (the "State Court Action"). All papers served in the State Court Action are attached as **Exhibit A**.

2. Defendant Home Depot received service of the original Complaint on March 18, 2019.  *See* Home Depot Service of Process Record, attached as **Exhibit B**.  Defendant Aquion

received service of the original Complaint on March 19, 2019.  *See* Aquion Service of Process Record, attached as **Exhibit C**.   Thus, Defendants file this Notice of Removal with this Court within thirty days of receipt of the Complaint through service or otherwise as required by 28 U.S.C. § 1446(b).

3. In accordance with 28 U.S.C. § 1446(d), Defendants have contemporaneously filed a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Hunterdon County.  A copy of this written notice of the Notice of Removal is attached as **Exhibit D**.

4. In accordance with 28 U.S.C. § 1446(d), Defendants have also given written notice to Plaintiff by contemporaneously serving this Notice of Removal and Exhibit D on counsel for Plaintiff.

5. As required by 28 U.S.C. § 1441, Defendants seek to remove this case to the United States District Court for the District of New Jersey, which is the District Court embracing the place where the State Court Action has been filed.

6. Venue lies in this Court because Plaintiff maintains his State Court Action in this District and Division.  28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1332 and CAFA, this Court has original subject matter jurisdiction of this action because it is a civil action where the amount in controversy (based on the allegations in Plaintiff's Complaint) exceeds $5,000,000, exclusive of interest and costs, and it is a class action in which Defendants and Plaintiff are citizens of different states.

8. Plaintiff's Complaint alleges that Defendants promoted, marketed, and sold Aquion's water treatment products.  Plaintiff contends that Defendants' authorized dealers contacted customers to set up a "water evaluation," that Defendants failed to disclose that the

evaluations would not provide sufficient analysis to determine if a water treatment system is needed, and that these evaluations were intended to induce consumers into purchasing Aquion water treatment systems "for thousands of dollars more than comparable products . . . that are readily available for far less." (Compl ¶¶ 10, 14.) Plaintiff's Complaint seeks redress under the New Jersey Consumer Fraud Act for "(1) Compensatory Damages and Restitution . . . ; (2) Treble damages; (3) Punitive damages; (4) Interest; (5) Costs of suit; (6) Counsel fees; [and] (7) All other remedies and damages provided by the New Jersey Consumer Fraud Act" and for common law unjust enrichment, and civil conspiracy. (*Id.* at 8-13.)

9.  Plaintiff purports to bring suit as a class action on behalf of a class defined as: "[a]ll New Jersey persons who purchased an Aquion 'RainSoft' branded water conditioning system, drinking water system, or water filtration system from Aquion, Home Depot, or any of Aquion's authorized dealers of 'RainSoft' branded products doing business in New Jersey for the purpose of household use, following an in-home water 'precipitation test' from March 8, 2013 to the date of class certification." (*Id.* ¶ 22.)

10. Diversity jurisdiction exists because Plaintiff and Defendants are citizens of different states.

11. Plaintiff and all putative class members are citizens of New Jersey. (*Id.* ¶¶ 4, 8.)

12. Aquion, Inc. is a citizen of Delaware and Illinois because it is a corporation organized under the laws of Delaware and maintains its principal place of business in Illinois. (*Id.* ¶ 5.) Thus, for jurisdictional purposes, Aquion is a citizen of Illinois and Delaware, and perfect diversity of citizenship exists between it and Plaintiff.

13. Home Depot U.S.A., Inc. is a citizen of Delaware and Georgia because it is a corporation organized under the laws of Delaware and maintains its principal place of business in

Georgia. (*Id.* ¶ 6.) Thus, for jurisdictional purposes, Home Depot is a citizen of Georgia and Delaware, and perfect diversity of citizenship exists between it and Plaintiff.

14. All of the Defendants are citizens of states other than New Jersey.[1] Accordingly, complete diversity of citizenship exists among all of the parties.

15. As required by 28 U.S.C. § 1332, this Court has jurisdiction because the amount in controversy contemplated by Plaintiff's allegations is greater than $5,000,000. Although Plaintiff's Complaint remains silent on a total damages figure, based on a conservative reading of the allegations in the Complaint as well as the facts set forth in the Declaration of Clifford Jon Leegard, attached as **Exhibit E**, the amount in controversy exceeds $5,000,000, exclusive of interest and costs.[2]

16. A party seeking removal bears the burden of establishing federal court jurisdiction. *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007). Where a complaint is silent on damages, a defendant's notice of removal serves the same function as the complaint would have if filed in district court. *Id.* at 197. Where a complaint is silent on damages and a removing defendant provides sufficient factual basis to meet jurisdictional requirements, the case should proceed forward unless it appears to a legal certainty that the jurisdictional amount cannot be met. *Id.* at 199.

17. Plaintiff's Complaint acknowledges that "[t]he exact number of class members is unknown" but states upon information and belief the putative class exceeds 75 persons. (Compl.

---

[1] "Defendant ABC Corporations 1-20" are fictitious names. (Compl. ¶ 7.) The citizenship of fictitiously-named entities is disregarded for the purpose of determining diversity of citizenship upon removal. *See* 28 U.S.C. § 1441(b)(1).
[2] Defendants do not concede—and expressly deny—that Plaintiff is entitled to any damages in this case. The discussion of damages and various calculations herein is for the purposes of determining the amount in controversy only.

¶ 25.) Plaintiff pleads that the number of potential class members could best be ascertained by information maintained by Defendants. (*Id.*)

18. Plaintiff seeks "Compensatory Damages and Restitution." (*Id.* ¶ 11.) Plaintiff defines the scope of restitution here as "the difference between the actual market value of the Aquion water treatment system that they [sic] agreed to purchase and the amount they [sic] agreed to pay for the Aquion water treatment system after witnessing the Defendants' marketing and testing scheme. (*Id.*) Plaintiff does not state any specific figures or sums in her Complaint; however, she alleges that consumers spent "thousands of dollars more" than they would have paid for "comparable products from other manufacturers that are readily available for far less." (*Id.* ¶ 14.)

19. Aquion sells water conditioning systems, drinking water systems, and water filtration systems. (Ex. E ¶ 6.) Aquion's independently owned and operated dealers typically sell customers some combination of systems depending on each customer's needs. (*Id.* ¶ 8.)

20. Since March 8, 2013, New Jersey-based dealers sold at least one water conditioning system, drinking water system, or water filtration system to at least 4,626 customers in that state. (Ex. E. ¶ 9.) Therefore, at least 4,626 putative class members potentially exist.

21. Plaintiff has not identified any "comparable products from other manufacturers" or stated their prices; however, she alleges that Aquion's water treatment systems cost "thousands of dollars more" than these comparable products. Plaintiff therefore alleges that each of the 4,626 potential class members overpaid by at least $2,000 when purchasing their Aquion water treatment systems.

22.     Therefore, even after adopting the most conservative interpretation of Plaintiff's Complaint, the total amount of restitution sought on behalf of all of these 4,626 potential class members would exceed $9,252,000 ($2,000 x 4,626).[3]

23.     Moreover, Plaintiff seeks punitive damages. (*See* Compl. ¶ 43.) These, too, must be considered in determining the amount in controversy. *See Frederico*, 507 F.3d at 198-99 (noting that court "must consider" punitive damages for calculation of amount in controversy). New Jersey law allows for the recovery of damages up to five times the amount of compensatory damages. *See* N.J.S.A. § 2A:15-5.14(b). Assuming $2,000 dollars in damages, this could yield a punitive damages award up to $10,000 per-class member.[4] Therefore, punitive damages in this litigation could exceed $46,260,000 ($10,000 x 4,626).

24.     Plaintiffs' request for attorneys' fees would further increase the amount in controversy. A court must also consider attorneys' fees when recoverable. *See Frederico*, 507 F.3d at 199 (including award of attorneys' fees in calculation of amount in controversy). The New Jersey Consumer Fraud Act allows for recovery of attorneys' fees. N.J.S.A. § 56:8-19. Plaintiff's attorneys' fees request could be as much as thirty percent of any judgment. *See In re*

---

[3] Plaintiff alleges that she agreed to purchase her Aquion water treatment products for $7,980. (Compl. ¶ 39.) She then states that a General Electric reverse osmosis water filtration system is available for $159. (*Id.*) She does not explicitly state that what she agreed to purchase is comparable to the General Electric reverse osmosis water filtration system. However, a fair inference is that she does believe that they are comparable. If that is the case, potential damages per class member could reach $7,821. This would put the amount-in-controversy at $36,179,946.

[4] The statute allows for the recovery of five times the amount of compensatory damages or $350,000, whichever is greater. N.J.S.A. § 2A:15-5.14(b). Three-hundred and fifty thousand dollars is certainly greater than $10,000. However, a punitive damages factor of 175 times actual damages—a $350,000 punitive award for $2,000 in compensatory damages—would violate Defendants' due process rights. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 412 (2003) (reversing punitive damage award that was factor of 145 times actual damages for this reason). Accordingly, for purposes of the amount-in-controversy requirement, Defendants use the factor of five times actual damages.

*Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005) (recognizing that a "study by the Federal Judicial Center of all class actions resolved or settled over a four-year period . . . found a median percentage recovery range of 27-30%"). Thirty percent of a potential $55,512,000 judgement ($9,252,000 in compensatory damages and $46,260,000 in punitive damages) could result in an award of $18,504,000 in attorneys' fees.

25. When adding together potential restitution for class members who purchased a water treatment system and an award of attorneys' fees, the potential amount in controversy would likely exceed $74,016,000.

26. Thus, Plaintiff's claim for damages demonstrates by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

27. Once a defendant has established CAFA's threshold jurisdictional requirements—the requisite number of plaintiffs, minimal diversity, and $5,000,000 in controversy—a plaintiff may only seek remand by showing that one of CAFA's exceptions applies. *See Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 508, 513 (E.D. Pa. 2007).

28. Because no defendant is a citizen of New Jersey, no exception applies. First, CAFA's discretionary exception provides that a district court may decline jurisdiction if more than one-third but less than two-thirds of the proposed class members are citizens of the forum state and the primary defendants are citizens of the forum state. *See* 28 U.S.C. § 1332(d)(3). Here, Defendants are citizens of Delaware, Georgia, and Illinois. (*See* Compl. ¶¶ 5-6.) None is a citizen of New Jersey. Regardless of the proposed class members' citizenships, this exception cannot apply.

29. Second, the two mandatory exceptions—the so-called "local controversy" and "home state" exceptions—do not apply for the same reason. The local controversy exception

only applies where the following four conditions are met: (1) more than two-thirds of the proposed class members are citizens of the forum state, (2) *at least one primary defendant is a citizen of the forum state*, (3) the principal alleged injuries occurred in the forum state, and (4) no other class action asserting similar allegations has been filed against any defendant within three years. *See* 28 U.S.C. § 1332(d)(4)(A). The home state exception applies where more than two-thirds of the proposed class members are citizens of the forum state and the primary defendants are citizens of the forum state. *Id.* § 1332(d)(4)(B). Again, Defendants are citizens of Delaware, Georgia, and Illinois. (*See* Compl. ¶¶ 5-6.) None is a citizen of the forum state. Regardless of the other factors, these exceptions cannot apply.

30. Finally, 28 U.S.C. § 1332(d)(5)(B) requires that a potential class action contain at least 100 members. Although Plaintiff alleges that at least 75 putative class members exist, she admits that Defendants' records are best suited to ascertain how many may exist. (Compl. ¶ 25.) Aquion's records indicate that New Jersey-based dealers sold at least one water conditioning system, drinking water system, or water filtration system to at least 4,626 customers in that state during the proposed class period. (Ex. E. ¶ 9.) Therefore, at least 4,626 putative class members potentially exist, satisfying the requirement that a potential class contain at least 100 members.

31. In sum, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Complete diversity exists between the parties, potential class members total in excess of 100 members, and the amount in controversy exceeds $5,000,000. Further, no CAFA exception to jurisdiction applies. Accordingly, under 28 U.S.C. § 1441(a), Defendants are entitled to removal of the State Court Action from Superior Court of New Jersey, Law Division, Hunterdon County, to the United States District Court for District of New Jersey, Trenton Division.

WHEREFORE, Defendants respectfully request that the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Hunterdon County, be removed to the United States District Court for District of New Jersey, Trenton Division.  Defendants further ask that the Court assume jurisdiction of this action and enter such other orders necessary to accomplish the requested removal and promote the ends of justice.

Respectfully Submitted,

*s/* James H. Keale
James H. Keale, Esq.
TANENBAUM KEALE LLP
Three Gateway Center
100 Mulberry Street, Suite 1301
Newark, New Jersey 07102
T: (973) 242-0002
F: (973) 242-8099
E: jkeale@tktrial.com
Attorneys for Defendant, AQUION, INC.

*s/ Lisa Besson Geraghty*
Lisa Besson Geraghty, Esq.
STARR, GERN, DAVISON & RUBIN, P.C.
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1640
T:  (973) 403-9200
E:  LGeraghty@starrgern.com
Attorneys for HOME DEPOT U.S.A., INC.

Dated:  April 16, 2019