UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER LA STELLA,<br><br>            Plaintiff,<br><br>      v.<br><br>AQUION, INC., d/b/a RAINSOFT, and HOME DEPOT USA, INC.,<br><br>            Defendants. | Civil Action No. 19-10082 (FLW) (ZNQ)<br><br>**MEMORANDUM OPINION & ORDER** |

      This matter comes before the Court upon non-party Atlantic Water Products Delaware Division, Inc.'s ("AWP") Motion to Quash (the "Motion"). (ECF No. 47.) Plaintiff Jennifer LaStella ("Plaintiff") opposed, (ECF No. 49), and AWP replied, (ECF No. 52). The parties also submitted a letter asking for the Court to extend the deadline for jurisdictional discovery and the deadline for Plaintiff to renew her Motion to Remand, contingent upon on the Court's decision on the Motion. (Pl.'s May 15, 2020 Letter 1–2, ECF No. 48.) The Court has carefully considered the arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, AWP's Motion is denied, and the deadline for jurisdictional discovery and for Plaintiff to refile her Motion to Remand are extended to July 10, 2020, and July 24, 2020, respectively.

**I.     BACKGROUND**

      Plaintiff brings this proposed class action against Defendants Aquion, Inc. ("Aquion") and Home Depot U.S.A., Inc. ("Home Depot") (collectively, "Defendants") "to redress unjust, unfair, and/or deceptive practices of marketing and selling water treatment systems to individuals on a

municipal or private water system by in-home water evaluations done by a salesman." (Compl. ¶ 1, Ex. A to Notice of Removal, ECF No. 1-1.) According to Plaintiff, Defendants colluded and induced consumers to purchase expensive Aquion water treatment systems using water tests designed to detect harmless minerals. (*Id.* ¶¶ 2, 11–14.) The putative class consists of:

> All New Jersey persons who purchased an Aquion "RainSoft" branded water conditioning system, drinking water system, or water filtration system from Aquion, Home Depot, or any of Aquion's authorized dealers of "RainSoft" branded products doing business in New Jersey, for the purpose of household use, following an in-home water "precipitation test" from March 8, 2013 to the date of class certification.

(*Id.* ¶ 22.)

Defendants removed Plaintiff's action to this Court. (Notice of Removal, ECF No. 1.) Thereafter, Plaintiff moved to remand this action to state court. (Mot. to Remand, ECF No. 13). The Court denied that motion, explaining "[t]he information Defendants [] provided at this juncture gives rise to an over-inclusive damages figure," and, thus, "Defendants have not proven, by a preponderance of the evidence, that the amount in controversy exceeds $5 million, although they may still be able to do so." (Order ¶ 4, ECF No. 34). The Court ordered limited jurisdictional discovery and that Plaintiff could renew her Motion to Remand. (*Id.* at 5.)

During discovery, AWP's owner, Charles Wunder ("Wunder"), produced a sworn declaration stating AWP "sold at least one Rainsoft®-brand product to at least 1,200 customers in the State of New Jersey," and, based on his knowledge of his team's sales practices, "at least half of those sales presentations included a precipitation test prior to their purchase." (Wunder Decl. ¶ 8, Ex. A to Pl.'s Opp'n, ECF No. 49.) Pursuant to Federal Rule of Civil Procedure ("Rule") 30(b)(6), Plaintiff now seeks to depose AWP. (*See* Pl.'s Notice of AWP Dep., Ex. B to Pl.'s Opp'n, ECF No. 49.) To that end, Plaintiff subpoenaed AWP to appear for the deposition and to produce all documents concerning or supporting Wunder's statement that AWP sold at least one Rainsoft

2

product 1200 customers in New Jersey. (Pl.'s Subpoena Duces Tecum for Dep., ECF No. 49.) AWP now moves to quash the subpoena and for its attorneys' fees incurred in connection with filing this Motion as sanctions for Plaintiff's improper discovery. (AWP's Moving Br. 1, 16, ECF No. 47-8.)

## II. PARTIES' POSITIONS

First, AWP argues Plaintiff's requested deposition is disproportionate to the needs of the case. (AWP's Moving Br. 6–7.) Citing a litany of cases, AWP asserts this Court routinely accepts corporate representative's declarations to establish jurisdiction under the Class Action Fairness Act ("CAFA"), and that Wunder's testimony in his declaration clearly establishes that the $5 million minimum threshold is easily satisfied. (*Id.* at 7–8 (citing *Coladonato v. Gap, Inc.*, 2018 WL 4620673, at *3 (D.N.J. Sept. 26, 2018); *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 596 (D.N.J. 2016); *Healthcare Training Inst., Inc.*, 2013 WL 3480206, at *3–4 (D.N.J. June 21, 2013)).) AWP contends Plaintiff's discovery would reveal nothing but the same information, and allowing such discovery is contrary to the CAFA's intent, which is to resolve jurisdictional issues on readily available information. (*Id.* at 8–9 (citing *Dicuio v. Brother Intern. Corp.*, 2011 WL 5557528, at *6 (D. N.J. Nov. 15, 2011)).) AWP claims that the pandemic has had an acute effect on its business, leading to the termination of eighty-five percent of its employees, and that it should not be burdened with the added expense of complying with unnecessary discovery. (*Id.* at 11.) Second, AWP argues the same information was obtained through a more convenient, less burdensome, and less expensive means. (*Id.* at 11–12 (citing Fed. R. Civ. P. 26(b)(2)(c)(i)).) Third, AWP asserts the subpoena must be quashed because Plaintiff is seeking unreasonably cumulative and duplicative information. (*Id.* at 12–13.) Finally, AWP asks the Court to sanction Plaintiff's counsel under Rule 45(d)(1), arguing Plaintiff is improperly insisting on duplicative, unnecessary discovery, the cost of which threatens AWP's continued existence. (*Id.* at 13.)

Plaintiff responds that the information she seeks is targeted to minimize the burden on AWP and Wunder, and was noticed to take place via remote conferencing technology to protect against the transmission of COVID-19. (Pl.'s Opp'n ¶ 8, ECF No. 49.) Plaintiff contends Wunder voluntarily involved himself in these proceedings, and she should be allowed to test the reliability and competency of Wunder's statements, which are central to the jurisdictional dispute. (*Id.* ¶¶ 9–10.) Plaintiff asserts that, while perhaps burdensome, the discovery is not unduly burdensome, unreasonable, or oppressive. (*Id.* ¶ 10.)

In reply, AWP reiterates the entire issue is whether Defendants can show by a preponderance that the putative class's claim exceeds $5 million, and that the declaration provides that missing information. (AWP's Reply 2, ECF No. 52.) AWP asserts that Wunder's declaration about his own business is not merely conclusory, and the Court should reject Plaintiff's attempt to attack it. (*Id.* at 3 (citing *Coladonato*, 2018 WL 4620673, at *3).) AWP suggests that allowing Plaintiff to examine the reliability of the declaration in this case would expand jurisdictional discovery in every case in which a party attempts to prove jurisdiction through a declaration. (*Id.* at 4.) Further, AWP argues, it would be an abdication of the Court's role to efficiently manage litigation by allowing the Plaintiff to bog the Court, parties, and non-parties in disputes and associated motion practice over unnecessary discovery. (*Id.*)

**III.   DISCUSSION**

A party is generally permitted to depose any person without leave of the Court. Fed. R. Civ. P. 30(a)(1). "A deposition may be quashed when it is annoying, embarrassing, oppressive, or where it creates an undue burden or expense." *Seavey v. Globus Med. Inc.*, No. 11-2240, 2012 WL 12902792, at *3 (D.N.J. Dec. 14, 2012).

> On motion or on its own, the Court must limit the frequency or extend of discovery" sought if (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from

4

> some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party . . . has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit" in the case.

*Engage Healthcare Commc'ns, LLC v. Intellisphere, LLC*, No. 12-787, 2017 WL 9481235, at *2 (D.N.J. Nov. 1, 2017), *report and recommendation adopted*, No. CV 12-787, 2017 WL 6539242 (D.N.J. Dec. 21, 2017).

The Court finds the discovery sought is not disproportionate to the needs of this case. AWP's declaration may be dispositive of the jurisdictional issue and, consequently, the Court finds it reasonable that Plaintiff would seek more specific information to verify AWP's owner's statements and documentation supporting his claims. While this Court commonly accepts declarations as evidence in deciding jurisdictional disputes, nothing prohibits a party from seeking more or contradictory information beyond that declaration. In scheduling limited jurisdictional discovery, the Court contemplated the need for depositions. (Order Scheduling Jurisdictional Discovery ¶ 1, ECF No. 41.) Further, Plaintiff's requested discovery is not duplicative or unduly cumulative, because she seeks information to substantiate or contradict Wunder's estimations. The Court agrees with Plaintiff that the burden on AWP is not undue. Plaintiff has agreed to depose AWP remotely, negating the risk of spreading severe acute respiratory syndrome coronavirus 2 ("SARS-CoV-2"), and the discovery sought is limited to the jurisdictional issue. Wunder voluntarily involved AWP in this jurisdictional dispute by providing what may be the deciding piece of evidence. Under the circumstances, the Court agrees Plaintiff should have the opportunity to depose AWP.

### IV.     CONCLUSION AND ORDER

For the reasons stated above, and other good cause shown,

**IT IS** on this 26th day of June, 2020 **ORDERED** that:

1. AWP's Motion (ECF No. 47) is **DENIED**.

2. The deadline for jurisdictional discovery is hereby extended to July 10, 2020.

3. The deadline for Plaintiff to renew her Motion to Remand, or notify the Court of her intent not to renew her Motion to Remand, is hereby extended to July 24, 2020.

    s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES MAGISTRATE JUDGE**